[Civil No. 2236.    Filed January 15, 1924.]

[221 Pac. 1076.]

THE ARIZONA CORPORATION COMMISSION Plaintiff, v. THE SUPERIOR COURT OF MARICOPA COUNTY, STATE OF ARIZONA, and M. T. PHELPS, Judge of the Superior Court of Maricopa County, State of Arizona, Respondents.

APPEAL AND ERROR—APPEAL COULD NOT BE PREDICATED ON SO-CALLED MINUTE ENTRIES BY CLERK, AND TRIAL COURT WILL NOT BE PROHIBITED FROM PROCEEDING NOTWITHSTANDING NOTICE OF APPEAL. Where the trial court made no order for judgment upon the merits antecedent to petitioner's alleged notice of appeal, or any order for the appointment of a receiver, there was nothing from which to appeal, and a notice of appeal, based on so-called minute entries made by the clerk, which did not affect the cause to which they related, was ineffective; and hence the issuance of an alternative writ of prohibition based upon such entries, to restrain the trial court from proceeding further in the action, was unwarranted.

---

See 3 C. J. 612.
See 2 R. C. L. 124.

Original application for Writ of Prohibition.   Petition dismissed.

Mr. Louis B. Whitney and Mr. George R. Hill, for Plaintiff.

Mr. Ernest W. Lewis, *Amicus Curiae,* for Plaintiff.

Messrs. Ward & Griffith and Mr. John W. Ray, for Respondents.

LYMAN, J.—An alternative writ of prohibition was issued by this court directing the superior court of Maricopa county and one of its judges to show cause why it should not be restrained from proceeding further in an action tried in that court, in which notice of appeal had been given by the Corporation Commission of the State of Arizona, one of the losing parties.

At the hearing upon the return of the writ it was brought to the attention of the court that no order for judgment upon the merits had been made antecedent to the alleged notice, nor any order for the appointment of a receiver, and therefore nothing from which to appeal.   The minute entries upon which this application for a writ was based were as follows:

"It is ordered by the court that judgment be entered herein for the plaintiff in both causes of action."

"It is further ordered by the court that a receiver be appointed, and his bond be fixed in the sum of $20,000."

It is readily apparent that there is nothing in either one of these so-called minute entries which in any way affects the cause to which they are supposed to relate, and therefore they afford no basis or occasion for appeal.   There is nothing from which to appeal, and a notice of appeal based upon them is without effect.

The return to the alternative writ affords an explanation of these entries by the clerk of the court.

The judge referred to the cause in question, and intimated that he had intended to make an order for judgment, but was unable to do so at that time because the memorandum upon which the order was to be based was not at hand. Apparently from what was gathered from the judge's remarks at the time the clerk made these entries. The alternative writ was based upon the assumption that these minute entries were final orders and appealable. That assumption is untenable. The alternative writ was therefore ill-advisedly and unadvisedly issued.

The petition will therefore be dismissed.

McALISTER, C. J., and ROSS, J., concur.